UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD S. DOBKIN,

                              Case No. 2:22-cv-10956

          Plaintiff,

                              HONORABLE STEPHEN J. MURPHY, III

v.

AMERICAN STRATEGIC
INSURANCE CORP.,

          Defendant.

_____/

**OPINION AND ORDER**
**GRANTING MOTION TO DISMISS [5]**

Plaintiff Donald Dobkin sued Defendant American Strategic Insurance for breach of contract. ECF 1. Defendant moved to dismiss the complaint for failure to state a claim. ECF 5. The parties briefed the motion.[1] ECF 8; 9. For the following reasons, the Court will grant the motion to dismiss.

BACKGROUND

Plaintiff's home insurance with Defendant covers Plaintiff's "personal property owned or used by an 'insured' while it is anywhere in the world." ECF 1-1, PgID 17; *see also id.* at 25–27. The policy "insure[s] for sudden and accidental *direct physical loss* to [personal property] . . . caused by [theft] unless the loss is excluded in Section I." *Id.* at 25 (emphasis added). "Theft" includes "attempted theft and loss of property

---

[1] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

from a known place when it is likely that the property has been stolen." *Id.* at 26.

Michigan law governs the policy. *Id.* at 34.

Plaintiff agreed to over-the-counter foreign currency exchange ("OTC Forex")

contracts while investing. ECF 1, PgID 3. The complaint alleged that "[a]n OTC Forex

Contract is an agreement that obligates its parties to exchange given quantities of

currencies at a prespecified exchange rate on a certain future date." *Id.* It "is not

currency, virtual currency[,] or cryptocurrency." *Id.*

The contracts totaled more than a half million dollars. *Id.* at 4. Somehow, the

contracts were lost "as a result of theft," and so Plaintiff reported the loss to

Defendant as an insurance claim. *Id.* Defendant denied the claim. *Id.*

**LEGAL STANDARD**

The Court may grant a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6) if the complaint fails to allege facts "sufficient 'to raise a right to relief above

the speculative level,' and to 'state a claim to relief that is plausible on its face.'"

*Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in

the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual

assertions, and draws every reasonable inference in the nonmoving party's favor.

*Bassett*, 528 F.3d at 430.

But the Court will not presume the truth of legal conclusions in the complaint.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of

law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

In a Rule 12(b)(6) motion, courts can only "consider the [c]omplaint and any exhibits attached thereto . . . [and] items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430 (citation omitted); *see also Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*, 553 F. Supp. 3d 424, 427 (E.D. Mich. 2021) (Murphy, J.).

## DISCUSSION

The motion to dismiss hinges on how to interpret the insurance policy. Defendant first suggested that the OTC Forex contracts were not "direct losses" insured under the policy. ECF 5, PgID 81–83. Defendant also reasoned that the contracts were not "physical losses" insured under the policy. *Id.* at 83–87.[2]

Interpreting an insurance policy is a question of law the Court must resolve. *Leonor v. Provident Life & Accident Co.*, 18 F. Supp. 3d 863, 870 (E.D. Mich. 2014) (Cleland, J.) (citations omitted), *aff'd*, 790 F.3d 682, 687 (6th Cir. 2015). In Michigan, an insurance policy "must be enforced as written where there is no ambiguity." *Henderson v. State Farm Fire & Cas. Co.*, 460 Mich. 348, 354 (1999) (citation omitted). A policy's terms are read "as a whole" and in its "plain language." *Old Kent Bank v.*

---

[2] Although Defendant argued the loss of the OTC Forex contracts was not a "theft" under the policy, ECF 9, PgID 441–43, the argument is waived. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (holding that arguments raised for the first time in a reply to a response brief are waived).

*Sobczak*, 243 Mich. App. 57, 63 (2000) (citations omitted). Indeed, courts lack the authority to change clear policy terms under Michigan law. *Rory v. Cont'l Ins. Co.*, 473 Mich. 457, 461 (2005).

Loss of the OTC Forex contracts can be neither direct nor physical losses under the policy's plain terms.[3] To start, an OTC Forex contract is an executory contract. "An executory contract is an agreement between parties to do a certain thing. It is an executed contract when the thing is done." *Mayo v. Latham*, 159 Mich. 136, 138 (1909). The complaint alleged that "[a]n OTC Forex Contract is an agreement that obligates its parties to *exchange* given quantities of currencies at a prespecified exchange rate on a *certain future date*." ECF 1, PgID 3 (emphasis added). As an executory contract, no money had been exchanged and thus Plaintiff incurred no direct loss. At most, Plaintiff incurred an indirect loss—the loss of an investment opportunity.

Besides being an indirect loss, the OTC Forex contracts were not physical losses. Michigan Courts have read the phrase "physical loss" to "require[] the loss . . . to have some manner of tangible and measurable presence or effect." *Gavrilides Mgmt. Co. v. Mich. Ins. Co.*, ---N.W.2d---, 2022 WL 301555, at *4 (Mich.

---

[3] The complaint could be read as a demand for Defendant to reimburse Plaintiff for the value of the pieces of paper on which the contracts were written. Obviously, neither a cost-benefit analysis nor the Court's diversity jurisdiction would support adjudicating such an action. Accordingly, the Court will analyze the legal viability of the complaint based on what Plaintiff appears to really be seeking: reimbursement from Defendant of the full values of the *contractual agreements*.

Ct. App. 2022). The OTC Forex contracts created mere rights "to exchange given quantities of currencies at a prespecified exchange rate." ECF 1, PgID 3.

Plaintiff suggested that the Court must rely on Black's Law Dictionary to resolve undefined terms in a contract because that is what the Sixth Circuit does. ECF 8, PgID 107–08 (citations omitted). But the cases Plaintiff cited do not suggest that Michigan law requires such deference to Black's Law Dictionary. And the Court knows of no requirement under Michigan law. Even so, the Sixth Circuit's holdings about Michigan contract law do not bind the Court. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 472 (6th Cir. 2008) ("No federal court has the final say on what [State] law means."). But even if the Court were to consult dictionaries and other secondary sources, Plaintiff's claim still fails.

"Physical" means "[o]f, relating to, or involving material things; pertaining to real, tangible objects." Black's Law Dictionary (11th ed. 2019). To be sure, "[t]he requirement that the loss be 'physical,' given the ordinary definition of that term, is widely held to exclude alleged losses that are intangible or incorporeal." 10A Steven Plitt et al., *Couch on Insurance* § 148:46 (3d ed. 2022) (footnotes omitted).

In all, the theft of Plaintiff's OTC Forex contracts was not a "direct physical loss" under the plain terms of the policy. The Court will therefore grant the motion to dismiss.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [5] is **GRANTED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 16, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 16, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager